UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEULAH L. CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 8380 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Beulah L. Craig brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for supplemental security income under the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A). For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

Plaintiff applied for supplemental security income on May 2, 2011, alleging a disability onset date of April 1, 2004. (R. 100, 169.) The application was initially denied on July 28, 2011, and again after reconsideration on May 17, 2012. (R. 100-01.) Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ") on July 16, 2012. (R. 19.) The hearing was held on March 1, 2013.[1] (*Id.*)

On April 17, 2013, the ALJ denied plaintiff's application. (R. 27.) At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since her application date of

---

[1]The record does not contain a transcript of this hearing. Because neither party relies on the hearing testimony to support its position, however, the Court will decide the case without it.

May 2, 2011. (R. 21.) At step two, the ALJ found that plaintiff had the severe impairments of obesity, gout, hypertension, lumbar degenerative disc disease, osteoarthritis of the hips, mild left knee osteoarthritis, and early-mild osteoarthritis of the left foot. (*Id.*) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (R. 22.) At step four, the ALJ found that plaintiff had the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except that claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant can never climb ladders, ropes, or scaffolds, and never work around hazards, such as unprotected heights and dangerous moving machinery. The claimant can perform no work in temperature extremes, and can never use the bilateral lower extremities for the operation of foot controls.

(*Id.*) At step five, the ALJ determined that plaintiff was capable of performing her past relevant work as a health insurance agent and telephone solicitor because the work does not require performance of activities precluded by her RFC. (R. 27.) The ALJ concluded that plaintiff was not disabled under the Social Security Act at any time from the date her application was filed on May 2, 2011. (*Id.*)

The Appeals Council denied plaintiff's request for review of the ALJ's decision on September 21, 2013 (R. 1-7), leaving the ALJ's decision as the final decision of the Commissioner, reviewable pursuant to 42 U.S.C. § 405(g). *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's factual determinations deferentially, affirming them if they are supported by substantial evidence in the record. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010); *see Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("Substantial evidence is

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (quotation omitted). "A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be remanded." *Campbell*, 627 F.3d at 306. The ALJ must build an "accurate and logical bridge from the evidence to the conclusions" so that the reviewing court may assess the validity of the findings and afford meaningful review. *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether she has a severe impairment or combination of impairments; (3) if so, whether her impairment meets or equals any impairment listed in the regulations; (4) if not, whether she retains the residual functional capacity to perform her past relevant work; and (5) if not, whether she is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2). At step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. *Id.*

At step two, the ALJ found that, in addition to her severe impairments ("obesity, gout, hypertension, lumbar degenerative disc disease, osteoarthritis of the hips, mild left knee

osteoarthritis and early-mild osteoarthritis of the left foot"), plaintiff had the nonsevere impairments of, among others, left foot hammertoe, hallux limitus, and plantar fasciitis.[2] (R. 21.) Plaintiff contends that the ALJ did not consider whether her foot impairments combined with her severe impairments impacted her ability to work, as the regulations require. *See* 20 C.F.R. § 416.923 (stating that ALJs must consider the combined effect of all impairments, even those that are not severe). The Court disagrees. The ALJ said that plaintiff's medical records showed that her foot problems "[were] resolving." (R. 21.) Thus, the ALJ concluded, plaintiff's foot problems, "considered singly [or] in combination with [her] severe impairments," did not impose limitations beyond those set forth in her RFC. (*Id.*)

Next, plaintiff argues that the ALJ failed to consider the effects of plaintiff's obesity in making the step four RFC determination. *See* SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2000) (instructing ALJs "to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity"). Though plaintiff has the burden of providing evidence of her obesity's impact on her RFC, *see* 20 C.F.R. § 404.1545(a)(3), she failed to do so. Rather, she simply asserts that "it stands to reason," given her "arthritic condition [and] . . . extreme obesity . . . , that [she] would not be able to sit or stand for six hours a day to perform her past relevant work . . . ." (Pl.'s Mem. Supp. Mot. Reverse Comm'r's Decision at 9.) In other words, plaintiff argues that the ALJ should have *assumed* that plaintiff's

---

[2]Hammertoe is an abnormal bend in the joints of one or more of [the] toes," hallux limitus is a "stiff big toe," and plantar fasciitis "involves pain and inflammation of a thick band of tissue, called the plantar fascia, that runs across the bottom of [the] foot and connects [the] heel bone to [the] toes." http://www.mayoclinic.org/diseases-conditions/hammertoe-and-mallet-toe/symptoms-causes/dxc-20178100 (last visited July 1, 2016); http://www.mayoclinic.org/diseases-conditions/plantar-fasciitis/basics/definition/con-20025664 (last visited July 1, 2016);Http://www.mayoclinic.org/diseases http://www.cedars-sinai.edu/Patients/Health-Conditions/Hallux-Rigidus.aspx (last visited July 1, 2016).

obesity aggravated her other impairments. The regulation, however, expressly prohibits ALJs from making such assumptions: "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record." SSR 02-1p, 2002 WL 34686281, at *6. Thus, the ALJ's failure to assume, without supporting evidence, that plaintiff's obesity imposed additional limitations was mandated, not erroneous.

The ALJ's credibility determination was also not erroneous. In making a credibility determination, an ALJ "must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996). Moreover, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at *2.[3]

---

[3]The result is the same under SSR 16-3p, which was issued in March 2016 and states:
> In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record,

and requires the ALJ's decision regarding a claimant's symptoms "[to] contain specific reasons for the weight given to the . . . symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the

5

The ALJ said plaintiff's statements about the "intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible" because they were inconsistent with her medical records, which: (1) showed only mild arthritic changes in her joints; (2) indicated that her hypertension and gout could be controlled by medication; (3) showed that, in the two years since she filed her application, plaintiff received only routine medical treatment, had had, at most, two gout flare ups, and as of six months before the hearing, was reporting no gout pain; (4) indicated that she can walk normally without an assistive device; (5) contained "generally normal [findings] other than some limited range of motion of the spine and some extremities"; (6) contained only "conservative treatment recommendations"; and (7) contained no support for her claims that she had received physical therapy, that she needed to elevate her feet, and that she needed to take frequent restroom breaks. (R. 24-26.) The ALJ also noted that, in contrast to the medical findings, plaintiff said she used an assistive device to walk every day and was severely limited in her activities of daily living. (R. 25.) He further noted that plaintiff did not always take her medication as prescribed and had a "poor work history," having "left her last job for nonmedical reasons." (R. 26.) Because these are detailed and appropriate reasons for the ALJ's credibility finding, there is no basis for the Court to set it aside. *See Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000) ("Because hearing officers are in the best position to see and hear the witnesses and assess their forthrightness, we afford their credibility determinations special deference" and will reverse a credibility determination "only if the claimant can show it was 'patently wrong.'") (quoting *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)); *see also Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007) ("Although a claimant can establish the severity of [her] symptoms by [her] own testimony, [her] subjective complaints need not be

---

adjudicator evaluated the individual's symptoms." SSR 16-3p, 2016 WL 1119029, at *4, *9 (Mar. 16, 2016).

accepted insofar as they clash with other, objective medical evidence in the record."); 20 C.F.R. § 416.929(c)(3) (stating that "information about your prior work record" will be considered in evaluating allegations of pain).

Plaintiff's last contention is that the ALJ did not properly consider the evidence from her treating physician, Dr. Smith. A treating doctor's opinion is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in the case record." SSR 96-2p, 1996 WL 374188, at *1 (July 2, 1996) (internal quotation marks omitted); *see Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) ("An ALJ . . . may discount a treating physician's medical opinion if it . . . is inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent, as long as [the ALJ] minimally articulates his reasons for crediting or rejecting evidence of disability.") (quotation omitted). The ALJ said she rejected Smith's opinion because it was inconsistent with or not supported by the other medical evidence:

> I give little weight to the opinion of treating physician Dr. Smith, who opined that the claimant is limited to less than sedentary exertional work with the need for breaks and shifting positions at will, and the she would miss more than 4 days of work per month. I give this opinion little weight because it is excessive in light of the evidence of record. Here, Dr. Smith based this opinion on an X-ray of the lumbar spine, which identified degenerative disc disease, however objective testing revealed only mild findings. The opinion is also based on the claimant's symptoms of chronic pain, which I find not entirely credible as discussed above. Dr. Smith acknowledged that the claimant has only been prescribed analgesics, and has only had conservative treatment. Overall, generally limited and conservative treatments as well as recent reports of no gout pain are contrary to Dr. Smith's opinion that the claimant is limited to less than sedentary exertional work.

(R. 26) (citations omitted). That is a sufficient basis for refusing to give Dr. Smith's opinion controlling weight.

7

Even if Dr. Smith's opinion is not entitled to controlling weight, plaintiff says the ALJ still failed to evaluate it properly because she did not use the factors set forth in 20 C.F.R. § 416.927(c). *See id.* (in determining the weight to give a physician's opinion, an ALJ considers whether the doctor is a specialist or generalist; the length, nature, and extent of the treatment relationship; the frequency of examinations; whether the opinion is supported by "medical signs and laboratory findings," and whether it is consistent with the record as a whole). Though the ALJ did not explicitly address these factors, that is a fatal flaw only if the factors played no role in her assessment of Dr. Smith's opinion. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("Ms. Oldham cites no law, and we have found none, requiring an ALJ's's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion."); *Brown v. Barnhart*, 298 F. Supp. 2d 773, 792 (E.D. Wis. 2004) ("ALJs are not required to produce prolix opinions containing checklists from all of the regulations. Rather, the ALJ must sufficiently articulate her assessment of the evidence to assure the court that she considered the important evidence and to enable the court to trace the path of her reasoning.") (citation omitted). That is not the case here, given that the ALJ said she accorded little weight to Dr. Smith's opinion because her treatment of plaintiff was limited and her opinion was not supported by medical signs and findings or consistent with the record as a whole. Because the ALJ considered the 20 C.F.R. § 416.927(c) factors in weighing Dr. Smith's opinion, her failure to do so expressly is not a basis for reversal.

## Conclusion

For the reasons set forth above, the Court grants the Commissioner's motion for summary judgment [28] and affirms the Commissioner's decision. This case is terminated.

**SO ORDERED.**                              **ENTERED:  February 15, 2017**

_____
**M. David Weisman**
**United States Magistrate Judge**